**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENDA YANETH ZAVALA-LUGO, | No. 16-73815 |
| Petitioner, | Agency No. A200-806-579 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018[**]

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Brenda Yaneth Zavala-Lugo, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's decision denying her application for cancellation of

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's continuous physical presence determination. *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Zavala-Lugo failed to establish the requisite continuous physical presence for cancellation of removal, where she presented inconsistent testimony regarding her departures from the United States during the requisite period. *See* 8 U.S.C. § 1229a(c)(4)(B); 8 C.F.R. § 1240.8(d) (petitioner bears the burden of proving she is eligible for cancellation of removal); 8 U.S.C. § 1229b(b)(1)(A), (d)(2); *Corro-Barragan v. Holder*, 718 F.3d 1174, 1178 (9th Cir. 2013) (a departure of more than 90 days or more than 180 days in the aggregate breaks the 10 years continuous physical presence required for cancellation of removal).

We lack jurisdiction to review Zavala-Lugo's unexhausted due process contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**